**STATE AUTOMOBILE CASUALTY UNDERWRITERS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 74–220–1.

United States District Court, S. D. Iowa, C. D.

Sept. 15, 1978.

Dean Dutton and James R. Monroe, Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, Iowa, for plaintiff.

Roxanne Barton Conlin, U. S. Atty., Christopher D. Hagen, Asst. U. S. Atty., So.

Dist. of Iowa, Des Moines, Iowa, Thomas R. Jones, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

STUART, Chief Judge.

State Automobile and Casualty Underwriters (State Auto) brought this action for a refund of income taxes for the year 1970 in the amount of $39,556 plus costs, interest and attorneys fees. The ultimate issue is the amount of tax credit it is entitled to take under 26 U.S.C. § 826(e) for taxes paid by Automobile Underwriters Corporation (AU), its attorney-in-fact. That issue involves consideration of certain provisions of the Internal Revenue Code taxing insurance companies and the provisions governing consolidated income tax returns, 26 U.S.C. §§ 824, 826 and 1552 and appropriate regulations. It appears to be a case of first impression.

The taxpayer, State Auto, is an unincorporated reciprocal insurance exchange licensed by the State of Iowa since 1919. As it is not a legal entity, each insurance company that subscribes to the exchange executes a form appointing AU its attorney-in-fact and insuring each other for losses which might be incurred by any of the subscribers. AU collects the premiums, pays the losses and receives a management fee for its services. Both State Auto and AU are subject to federal income tax.

Congress enacted 26 U.S.C. § 826 to give policy holders of a reciprocal much the same protection as that given to policy holders of an ordinary mutual company. Section 826 permits the reciprocal to set aside a larger portion of income in the protection against loss account (PAL), by allowing a reciprocal to take into its income the profit of its attorney-in-fact on its management fee. Double taxation is avoided by allowing the reciprocal to take credit on its tax return for income tax paid by its attorney-in-fact on income from such reciprocal. Section 826(e).

If AU had filed a separate income tax return there would have been no problem.

26 C.F.R. § 1.826–5. The parties have stipulated that AU's tax and State Auto's credit on that basis would have been $585,356. However, AU is a member of a group of corporations known as the Statesman Group and it participated with the other members in filing a consolidated income tax return for the year 1970. Such return is proper for affiliated corporations under 26 U.S.C. § 1552. The group is taxed as a unit upon its dealings with the public at large without taking into account the dealings of members of the group among themselves. As some members of the Statesman Group sustained losses, the tax liability under the consolidated income tax return filed was $551,492. After audit, there was an additional payment of $6,038 or a total tax liability of $557,530. Although some other members of the Statesman Group had a profit, AU furnished the money to pay the entire tax liability. As required by the agreement, it also paid into the Statesman Group $33,864, which is the difference between the amount of tax it would have had to pay if an individual return had been filed and the amount paid under the consolidated return.

The dispute in this case involves the amount of tax credit that State Auto may take under 26 U.S.C. § 826(e) for AU's payment.

The government's position is that the tax credit should be computed on one of the first two methods specified in section 1552 for determining earnings and profits of the members of a consolidated group.

Section 1552(a)(1) and (2) provides:

(1) The tax liability shall be apportioned among the members of the group in accordance with the ratio which that portion of the consolidated taxable income attributable to each member of the group having taxable income bears to the consolidated taxable income.

(2) The tax liability shall be allocated to the several members of the group on the basis of the percentage of the total tax which the tax of such member if computed on a separate return would bear to the total [of the] amount of taxes

for all members of the group so computed.

In this particular instance it makes no difference which method is used because AU's share of both taxable income and the tax is 92.905%. The government therefore computed the tax credit for State Auto by taking 92.905% of the consolidated tax return liability of $557,330 and allowed a tax credit of $517,974.

State Auto claims that neither of the above mentioned methods is authorized by § 826 or the regulations and that the methods of allocating tax liability under § 1552 "are only applicable for determining earnings and profits of members of the Consolidated Group and are not applicable for determining the tax liability of these members for other purposes". State Auto further claims that its tax credit should be computed as if AU had filed a separate return and paid $585,356. However it has filed a claim for only $557,530, the amount of the Statesman Group's tax liability. This lawsuit involves a claim for refund of $39,556, or the difference between the claim of $557,530 and $517,974, the amount allowed.

In its reply argument State Auto argues that even if the Court would find that the tax credit for State Auto is to be determined under Code Section 1552, plaintiff is still entitled to a tax credit of $557,530 and a refund of $39,556 on one or more of the following theories.

(a) Several Liability

AU Corp was severally liable for the tax of The Statesman Group, Inc. affiliated group (TSGI affiliated group) and actually paid the tax for which plaintiff seeks a tax credit. [26 C.F.R. § 1.1502–6(a)]

(b) Complementary Method

AU Corp and the TSGI affiliated group allocated tax liability and tax paid according to the method contained in [26 C.F.R. § 1.1502–33(d)(2)(ii)].

(c) Agreement

There was an agreement among the TSGI affiliated group companies on how to allocate tax liability. [26 C.F.R. § 1.1502–6(c)]

After a close examination of the briefs and the record and after studying the statute and the regulations, the Court does not feel comfortable in applying any of the methods of computation urged or the theories advanced by either party. The Court does not believe that any of them carry out the Congressional intent of Section 826 and do not comply with the specific wording of § 826(e) which provides:

Credit—Any reciprocal electing to be subject to the limitation provided in subsection (b) shall be credited with so much of the tax paid by the attorney-in-fact as is attributable, under regulations prescribed by the Secretary or his delegate, to the income received by the attorney-in-fact from the reciprocal in such taxable year.

This section places two restrictions on the tax credit that a reciprocal can receive,

(1) It cannot exceed the amount of tax paid by the attorney-in-fact.

(2) It shall consist of so much of that tax as is attributable to income received by the attorney-in-fact from the reciprocal.

The government's use of § 1552 is improper under the second restriction because there is no necessary relationship between the adjusted taxable income of the attorney-in-fact and the income received by it from the reciprocal. The attorney-in-fact may have other sources of income or expense which have no connection with the reciprocal. This matter will be treated more fully later.

The Court cannot accept State Auto's argument that AU's tax liability (and State Auto's tax credit) is to be determined as if AU had filed a separate return. Under this theory State Auto would have been entitled to a tax credit of $585,356 (prior to subsequent adjustments increasing it) although the total tax liability for the consolidated group was only $557,530. Such result is inconsistent with the first restriction stated in § 826. State Auto recognized the weakness in its own position by limiting its claim

for a tax credit to the lesser amount. The Court finds that Congress did not intend to require the tax credit to be computed as if a separate return had been filed when the attorney-in-fact participated in a consolidated return.

The three theories advanced in the reply brief are not helpful to plaintiff because of the second restriction. The imposition of several liability upon those who participate in a consolidated income tax return would have no effect upon the tax which is attributable to income received by the attorney-in-fact from the reciprocal. Decisions or agreements of the participants in a consolidated return as to the method of allocating the responsibility for group taxes are not related to the income from the reciprocal.

In the Court's opinion, when an attorney-in-fact participates in a consolidated return, the § 826(e) tax credit to the reciprocal should bear the same relationship to the income tax paid by the consolidated group as the taxable income received by the attorney-in-fact from the reciprocal bears to the taxable income of the consolidated group. The tax credit, of course, must be limited to 100% of the tax paid by the consolidated group.

Here, Automobile Underwriters Corporation's Allocation of Income, Expenses and Income Tax Liability, which is a schedule attached to the income tax returns for both the Statesman Group and State Auto, allocates income and expenses to three accounts, the Reciprocal, Insurance and Investment and Consolidated Subsidiaries. The taxable income allocated to the Reciprocal was $1,719,518.30. This is the same figure that State Auto included in its return as "Section 826 adjustments re attorney-in-fact". As there were substantial losses in the other allocations, AU's net taxable income was reduced to $1,134,-460.51. This figure was reported as the taxable income for the Statesman Group. As the income attributable to the reciprocal exceeded the net taxable income of the Statesman Group, the entire tax of the group, $557,530, is attributable to that income and State Auto is entitled to a tax credit of that amount and a refund of $39,-556.

In the Court's opinion this method of computation most nearly accomplishes the intent of Congress and the purpose of the statute. The income actually reported by the reciprocal is used to compute its tax credit. In this particular case the result favored the taxpayer. The taxpayer's tax credit should not decrease because other areas of the operations of the attorney-in-fact sustained a loss. On the other hand, the government would be favored where other operations of the attorney-in-fact were profitable. The reciprocal should not be able to claim a greater tax credit if the income of the attorney-in-fact has been increased because of profitable ventures not related to the reciprocal. The tax credit for the reciprocal should be determined on the basis of its business relationship with the attorney-in-fact.

As neither party has advocated this method of computing the tax credit and as the Court is reluctant to decide a case upon a theory which has not been argued, the Court will allow parties twenty (20) days to file for reconsideration.

IT IS THEREFORE ORDERED that State Automobile and Casualty Underwriters is entitled to a tax refund from the United States of America in the amount of $39,556 together with the costs of this case and interest as provided by law.

Plaintiff may file a motion for the allowance of attorney fees.